UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHRISTOPHER HENRY TANNER, *Plaintiff*

VS.  Cause No. 2:20-cv-79-KS-MTP

WENDELL L. STEVENS, CRETE CARRIER CORPORATION, JOHN DOE ENTITY(IES) 1-5 AND JOHN DOES 1-5, *Defendants*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Crete Carrier Corporation ("Defendant"), who files this Notice of Removal pursuant to 28 U.S.C. §1332 and 1441, to hereby remove this matter from state court to the docket of this Honorable Court, and respectfully represents the following:

### BACKGROUND

I.

Plaintiff, Christopher Henry Tanner, filed a lawsuit styled *Christopher Henry Tanner vs. Wendell L. Stevens, Crete Carrier Corporation, John Doe Entity(ies) 1-5, and John Does 1-5,* Cause No. 2020-21-CV3, in the Circuit Court of Jones County, Mississippi, Second Division. The suit seeks damages for Plaintiff's alleged injuries sustained in an accident occurring on or about February 27, 2018 on Chantilly Street at Herbert Avenue. *See* Complaint, attached as Exhibit "A".

II.

The state court action commenced on February 17, 2020. This Defendant received service on or after April 2, 2020; therefore, removal is timely under 28 U.S.C. § 1446(b).

1

## **BASIS OF REMOVAL**

III.

This suit is removable to this Court under and by virtue of the federal statutes and acts of the Congress of the United States, including 28 U.S.C. § 1332 and 28 U.S.C. § 1441, which provide federal district courts with original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

IV.

Plaintiff Christopher Henry Tanner alleges to be a citizen of the State of Mississippi.

V.

Defendant Crete Carrier Corporation is incorporated in the State of Nebraska with its principal place of business also in the State of Nebraska.

VI.

Upon information and belief, Wendell Stevens is a resident of the State of Pennsylvania and has not been served with the Complaint in this matter.

VII.

Because Plaintiff is a citizen of the State of Mississippi and because both defendants are citizens of states other than Mississippi, there is complete diversity of citizenship among the parties who have been joined and properly served and, as such, this suit is subject to removal pursuant to 28 U.S.C. § 1332 and 1441.

VIII.

"A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount in question is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S.Ct. 547, 555, 190 L.Ed.2d 495 (2014). However, if proof were to be required, the Fifth Circuit has held that a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

IX.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)).

X.

Plaintiff states that he suffered bodily harm in the accident in question. Exhibit "A" ¶ 11. He also alleges that the injuries suffered affect his "activities of normal daily living" and that he is entitled to recover for "past, present, and future medical expenses, and past, present, and future loss of income, and other economic and non-economic loss." Exhibit "A" ¶ 20, 21.

XI.

Plaintiff further alleges that he "has been forced to suffer tremendous economic and non-economic damages" and seeks compensatory damages in the form of: "(a) Past, present and future medical expenses; (b) Past and future loss of earning capacity; (c) Past and future pain and suffering; (d) Past and future mental anguish, psychological and emotional injuries; (e) Permanent injuries and disability; and (f) All other injuries and damages to be proven at the trial of this matter." Exhibit "A" ¶ 33. Plaintiff also seeks punitive damages. Exhibit "A" ¶ 31.

XII.

The Fifth Circuit has held that allegations of "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" are sufficient to find that the amount in controversy exceeds $75,000.00. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (2000). The damages sought in Plaintiff's complaint are nearly identical to those in *Gebbia*.

XIII.

Based on the allegations of Plaintiff's Petition for Damages, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332.

XIV.

Defendant does not admit the underlying facts alleged by Plaintiff and denies liability to Plaintiff.

## **REMOVAL PROCEDURE**

XV.

At this time, upon information and belief, Crete Carrier Corporation is the only defendant properly served. This satisfies the requirement that all defendants who have been properly served with Plaintiff's petition affirmatively consent to the removal of this action. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir. 1985) (observing that notice of removal filed before all non-resident defendants served with process still effective).

XVI.

This Notice of Removal is filed within 30 days of the receipt by or service upon the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

XVII.

This removal has been filed within one (1) year after commencement of this action.

XVIII.

Venue is proper within the Southern District of Mississippi, Eastern Division because the matter is being removed from the Circuit Court of Jones County.

XXIII.

Pursuant to 28 U.S.C. § 1446, 1447(b) and Uniform Rule 5(a), all pleadings in the state court are attached as Exhibit "B" hereto.

XIX.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal. He likewise certifies that to the best

5

of his knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

XX.

Defendant, Crete Carrier Corporation, requests a trial by jury.

**WHEREFORE,** Defendant, Crete Carrier Corporation, prays that this Notice be accepted as good and sufficient, and that this civil action be removed from the Circuit Court of Jones County, State of Mississippi, to the docket of this Honorable Court for determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the Circuit Court of Jones County, and then proceed with the civil action as if it had been originally commenced in this Court.

Respectfully submitted, this the 30th day of April, 2020.

*/s/ Kevin M. Melchi*

Kevin M. Melchi (#101441)
LOEB LAW FIRM
1180 West Causeway Approach
Mandeville, Louisiana  70471
Tel.: (985) 778-0220
Fax: (985) 246-5639
kmelchi@loeb-law.com
*Attorney for Defendant Crete Carrier Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2020 a copy of the foregoing pleading has been served on Plaintiff through his attorneys in a manner authorized by FRCP 5(b)(1) and/or via the court's CM/ECF system.

/*s/ Kevin M. Melchi*
KEVIN M. MELCHI (MSB# 101441)