Case: 34CI2:20-cv-00021   Document #: 2   Filed: 03/23/2020   Page 1 of 11

## IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

**CHRISTOPHER HENRY TANNER**            **PLAINTIFF**

**VS.**            Civil Action No. 2020- 21·CV3

**WENDELL L. STEVENS, CRETE
CARRIER CORPORATION,
JOHN DOE ENTITIES 1 – 5
and JOHN DOES 1-5**            **DEFENDANTS**

## COMPLAINT
### (JURY TRIAL DEMANDED)

Plaintiff, Christopher Henry Tanner files the following Complaint against Wendell L.

Stevens, Crete Carrier Corporation., John Does Entities 1-5 and John Does 1-5.

### PARTIES

1.       Christopher Henry Tanner is an adult resident of 60 Circle 6801, Quitman, MS,

Clarke County, Mississippi 39355.

2.       Defendant, Wendell L. Stevens is, upon information and belief, an adult resident

of 81 Stevens Road, Midway, Georgia 31320, where he can be served with service of process.

3.       Defendant, Crete Carrier Corporation, is a trucking business organized in

the State of Nebraska and transacting business in the State of Mississippi on the date at issue, and

may be served with process at Crete Carrier Corporation, Curtis Ruwe, General Counsel, 400

NW 56th Street, Lincoln, Nebraska 68528.

4.       John Doe Entities 1 - 5 are any unknown companies who may have been

responsible for or who may have contributed to the negligence alleged herein. They may be

added as defendants when their identities become known.



5.      John Doe Persons 1 - 5 are any unknown persons who may have been responsible for or who may have contributed to the negligence alleged herein. They may be added as defendants when their identities become known.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to Miss. Const. Art. 6 § 156 and Miss. Code Ann. § 9-7-81.

7.      Venue is proper under Miss. Code Ann. § 11-11-3 as substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

8.      On or about February 27, 2018, Defendant Wendell L. Stevens, an employee of Crete Carrier Corporation was driving westbound on Chantilly Street at Herbert Avenue, making a left-hand turn onto the northbound ramp of I-59.

9.      At the same place and time, Plaintiff, Christopher Henry Tanner was a passenger in a vehicle driven by Christopher Lane Tanner, at approximately 35 mph, heading eastbound on Chantilly Street at Herbert Avenue.

10.      Defendant, Wendell L. Stevens failed to yield the right-of-way of the vehicle in which Plaintiff was a passenger resulting in a head-on collision.

11.      As a result of this collision, Plaintiff, Christopher Henry Tanner suffered bodily harm.

## COUNT I
### NEGLIGENCE AND GROSS NEGLIGENCE OF CRETE CARRIER CORPORATION: NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION, RETENTION AND MAINTENANCE

12.      All preceding statements and allegations of the Complaint are incorporated and re-alleged as if expressly set forth herein.

2

13.     Defendant, Crete Carrier Corporation is the registered owner of U.S. DOT number 73705 and is therefore responsible for the acts of the driver of that vehicle.

14.     Crete Carrier Corporation employed Defendant, Wendell L. Stevens and is therefore responsible for his acts.

15.     Defendant, Crete Carrier Corporation was required to teach and train Defendant Wendell L. Stevens so that he was able to understand and obey the rules and regulations contained in the FMCSR.

16.     Defendant, Crete Carrier Corporation, was negligent, and grossly negligent in:

a.     hiring and/or contracting with Defendant, Wendell L. Stevens to drive the tractor trailer at issue;

b.     training of Defendant, Wendell L. Stevens on the FMCSR and compliance;

c.     failing to supervise Defendant, Wendell L. Stevens while driving the tractor-trailer;

d.     failing to train Defendant, Wendell L. Stevens to properly drive the tractor-trailer;

e.     failing to train Defendant, Wendell L. Stevens to properly inspect the tractor-trailer;

f.     failing to train Defendant, Wendell L. Stevens to properly maintain the tractor-trailer;

g.     entrusting Defendant, Wendell L. Stevens with the tractor-trailer;

h.     retaining Defendant, Wendell L. Stevens to drive the tractor-trailer;

i.     failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant, Wendell L. Stevens; and

j.     failure to exercise ordinary care to determine their employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

17.     Defendant, Crete Carrier Corporation had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

3

18.     Defendant, Crete Carrier Corporation through their agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated.

19.     The negligence of Defendant, Crete Carrier Corporation was a proximate cause of the injuries sustained by the Plaintiff Christopher Henry Tanner.

20.     As a result of the negligence of Defendant, Crete Carrier Corporation, Plaintiff Christopher Henry Tanner suffered serious injuries affecting his activities of normal daily living.

21.     As a result of the negligence of Defendant, Crete Carrier Corporation, Plaintiff Christopher Henry Tanner is entitled to recover damages for his past, present, and future medical expenses, and past, present, and future loss of Income, and other economic and non-economic loss.

## COUNT II
## NEGLIGENCE AND GROSS NEGLIGENCE OF WENDELL L. STEVENS

22.     All preceding statements and allegations of Plaintiff's complaint are incorporated herein and realleged as if expressly set forth herein.

23.     At the time of the collision, Defendant, Wendell L. Stevens failed to exercise due care by driving the tractor trailer carelessly and erratically and failing to timely apply his brakes, alter direction of travel, or take any other appropriate action when he, by the exercise of due and reasonable care, should have seen the vehicle in front of him.

24.     At all times relevant hereto, Christopher Henry Tanner exercised ordinary care in operating his vehicle.

25.     The tractor trailer driven by Defendant, Wendell L. Stevens was driven with the permission of Defendant, Crete Carrier Corporation.

4

26. Upon in formation and belief, the tractor trailer driven by Defendant, Wendell L. Stevens was driven in the course and scope of his employment with the business of Defendant, Crete Carrier Corporation.

27. In order to put the matter at issue, Plaintiff alleges that Crete Carrier corporation was negligent in the hiring, supervision, training, and retention of Defendant, Wendell L. Stevens and is responsible for negligent entrustment of their tractor trailer to his care, and these acts of negligence, combined and concurring with the other acts of negligence of the Defendants, proximately resulted in the damages to the Plaintiff.

28. At the time and place of this collision, Defendant Wendell L. Stevens was generally negligent under the circumstances then and there existing in that he:

   a.  Failing to keep his vehicle under control;

   b.  Failing to keep a proper lookout;

   c.  Failing to timely apply his brakes, alter direction of travel, or take any other appropriate action when he, by the exercise of due and reasonable care, should have seen the vehicle in front of him;

   d.  Failing to operate his vehicle in a safe and prudent manner;

   e.  Failing to yield the right-of-way of oncoming traffic;

   f.  Driving in a reckless manner;

   g.  Such other actions or inactions that may be shown at a hearing of this cause.

29. Defendant, Wendell L. Stevens' negligence proximately caused the collision with the vehicle that Christopher Henry Tanner was a passenger in and his resulting damages and injuries.

## PUNITIVE DAMAGES

30. Plaintiff hereby alleges and incorporates by reference Paragraphs 1-29 of the Complaint as if fully stated herein.

5

31.    Pursuant to the Defendants' gross negligence and willful, wanton and reckless disregard for the life of Plaintiff, Christopher Henry Tanner, Plaintiff is entitled to an award of punitive damages to be determined by the trier of fact.

## COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF

32.    Plaintiff hereby realleges and incorporates by reference Paragraphs 1-31 of the Complaint as if fully stated herein.

33.    As a direct and proximate cause of Defendants' actions and inactions, Plaintiff, Christopher Henry Tanner, has been forced to suffer tremendous economic and non-economic damages such as:

a.    Past, present and future medical expense

b.    Past and future loss of earning capacity;

c.    Past and future pain and suffering;

d.    Past and future mental anguish, psychological and emotional injuries;

e.    Permanent injuries and disability; and

f.    All other injuries and damages to be proven at the trial of this matter.

Respectfully submitted, this 17th day of February, 2020,

**CHRISTOPHER HENRY TANNER, PLAINTIFF**

By: _____
   C. Cooper Miles, Esq. (MSB# 101945)
   *Attorney for the Plaintiff*

***Of Counsel:***
Schwartz & Associates, P.A.
162 East Amite Street (39201)
Post Office Box 3949
Jackson, Mississippi 39207-3949
Telephone:    601-988-8888
Facsimile:    601-949-7929
cmiles@1call.org

6